**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 24, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

JASON CLAYCOMB,

       Defendant - Appellant.

No. 13-8029

(D. Wyoming)

(D.C. No. 2:11-CV-00229-CAB;
No. 2:07-CR-00196-CAB-5)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

Jason Claycomb was convicted in federal district court on drug-and-gun charges. After unsuccessfully appealing, he moved to vacate his conviction under 28 U.S.C. § 2255. With only partial relief, Mr. Claycomb appeals based on ineffective assistance of counsel. The district court denied a certificate of appealability, and Mr. Claycomb asks us to issue the certificate.

In asking for a certificate of appealability, Mr. Claycomb alleges that: (1) his trial and appellate attorneys should have challenged the admissibility of expert testimony about the weight of the methamphetamine and cocaine being sold, and (2) his appellate counsel should have challenged the government's proof on

---

[*]     This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value consistent with FED. R. APP. P. 32.1 and TENTH CIR. R. 32.1.

possession of a machine gun because it fell outside the time period alleged in the indictment. We conclude that the alleged deficiencies were not prejudicial because: (1) the government had ample other evidence regarding the weight of the drugs, and (2) evidence involving the machine gun had covered the time period alleged in the indictment. Thus, we deny the request for a certificate of appealability and, as a result, dismiss the appeal.

## I. The Proceedings

Mr. Claycomb was convicted of:

- conspiring to possess with intent to distribute methamphetamine and cocaine (21 U.S.C. § 846),

- distributing methamphetamine and cocaine (21 U.S.C. § 841(a)(1)),

- possessing a machine gun in furtherance of a drug-trafficking crime (18 U.S.C. § 924(c)(1)(B)(ii)), and

- possessing a firearm not registered in the National Firearms Registration and Transfer Record (26 U.S.C. §§ 5841, 5845(a), and 5861(d)).

The district court sentenced Mr. Claycomb to a term of 360 months' imprisonment on the conspiracy count, a consecutive term of 360 months' imprisonment on the § 924(c)(1)(B)(ii) count, and a concurrent term of 120 months' imprisonment on the gun-registration count.

Mr. Claycomb appealed the conviction, and we affirmed. *United States v. Claycomb*, 372 F. App'x 832, 837-41 (10th Cir. 2010). He then filed a § 2255 motion, challenging the conviction on each count. In the motion, he alleged

2

ineffective assistance of trial and appellate counsel and contended that his counsel had failed to:

- object to testimony from law enforcement agents regarding the quantity of methamphetamine and cocaine involved in the conspiracy,

- object to the admission of a government exhibit deemed a "certificate of non-existence of a record," which stated that the machine gun was not registered to Mr. Claycomb, and

- challenge the sufficiency of the evidence regarding possession of a machine gun between August 2006 and November 2006.

The district court granted Mr. Claycomb's § 2255 motion with respect to his conviction for possessing an unregistered firearm, ruling that admission of the "certificate of non-existence of a record" had violated the Confrontation Clause. As a result, the court vacated the conviction for possession of an unregistered firearm. On the other counts, however, the court denied Mr. Claycomb's § 2255 motion and his application for a certificate of appealability.

## II.    Standard for a Certificate of Appealability

To appeal the district court's denial of relief under § 2255, Mr. Claycomb must make "a substantial showing of the denial of a constitutional right" and obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B), (c)(2) (2006). We may grant a certificate of appealability only if the applicant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

3

'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

## III. Standard for Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, Mr. Claycomb must show that:

- his counsel's representation "fell below an objective standard of reasonableness;" and

- "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

*Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). The court need not address the first component "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice." *Id.* at 697.

## IV. Ineffective-Assistance Claim Regarding Drug Quantity

Mr. Claycomb argues in part that his trial and appellate counsel failed to challenge testimony from law enforcement officers regarding the quantity of methamphetamine and cocaine distributed through the conspiracy.

A state agent testified that he and his colleagues had: (1) stopped a car driven by one of Mr. Claycomb's conspirators, and (2) seized approximately one-half pound of a substance believed to be methamphetamine. A chemist testified that he had tested a 218.6-gram sample of the substance and identified it as methamphetamine. The chemist's testimony about the weight, however, was based on someone else's report.

4

A police detective also testified about the seizure of more methamphetamine during another traffic stop. According to the police detective, this seizure involved 285 grams. A chemist testified that he had performed tests indicating that the 285-gram sample contained methamphetamine, but added that someone else had done the weighing.

According to Mr. Claycomb, his attorneys rendered ineffective assistance by failing to object to the testimony based on the Confrontation Clause. He notes that the government did not offer testimony from the individuals who had weighed the substances. Thus, the weights were based on second-hand reports. Mr. Claycomb argues that if his counsel had objected under the Confrontation Clause, the prosecutor could not have established possession of more than 500 grams of a substance containing a detectable amount of methamphetamine and cocaine. This argument is unconvincing because the alleged omission did not prejudice Mr. Claycomb.

In our circuit, the prosecutor need not use scientific evidence to prove the identity of a substance. *United States v. Sanchez DeFundora*, 893 F.2d 1173, 1175 (10th Cir. 1990). Instead, the prosecutor may rely on lay testimony or circumstantial evidence. *Id.*

The prosecutor used lay testimony here to show the weights and identify the substances as methamphetamine and cocaine. From that evidence, the jury would likely have found (even without the expert testimony) that Mr. Claycomb

5

participated in a conspiracy to distribute more than 500 grams of a substance containing methamphetamine and cocaine.

For example, one conspirator testified about "either five or six trips" to Mr. Claycomb to buy "a half pound apiece" of methamphetamine. Tr. Trans. vol. IV at 128. Another conspirator reported that he had obtained approximately three to five pounds of cocaine from Mr. Claycomb to distribute in Wyoming. *See* Tr. Trans. vol. III at 95-96.

The prosecutor also used lay testimony to show that the substances consisted of methamphetamine and cocaine. *See, e.g.*, Tr. Trans. vol. III at 85, 96, 114-15, 135 (testimony from an admitted user of cocaine that the defendant had provided him with the drug); *id.* at 174-75, 177-79 (testimony from an admitted methamphetamine addict that Mr. Claycomb had provided her with the drug). And, one witness testified that the drug ring had "regular customers" in Wyoming. *Id.* at 94. From this evidence, the jury likely would have concluded that the substances were actually methamphetamine and cocaine even if defense counsel had successfully objected to the expert testimony. *See United States v. Sanchez DeFundora*, 893 F.2d 1173, 1175 (10th Cir. 1990). In these circumstances, appeal counsel's alleged omission did not prejudice Mr. Claycomb. Accordingly, he is not entitled to a certificate of appealability regarding the ineffective-assistance claim involving a failure to challenge the government's evidence on drug quantity.

**V.    Ineffective-Assistance Claim Regarding Possession of a Firearm in Furtherance of a Drug-Trafficking Crime**

Mr. Claycomb further contends that his appellate counsel was ineffective by failing to challenge the evidence supporting the § 924(c)(1)(B)(ii) count as an improper variance from the indictment.  In Mr. Claycomb's view, the evidence did not show use of a machine gun in furtherance of a drug-trafficking crime between August 2006 and November 2006 (as alleged in the Third Superceding Indictment).  Mr. Claycomb does not challenge the evidence that he possessed the machine gun.  Instead, he argues only that the government failed to establish possession during the alleged period.  In our view, however, the alleged omission in the appeal was not prejudicial.

If counsel had raised the issue on direct appeal, we could have reversed only if we found a variance that had proven fatal.  *See United States v. Williamson*, 53 F.3d 1500, 1513 (10th Cir. 1995).  Thus, for prejudice, Mr. Claycomb must show a reasonable probability that counsel could have shown a fatal variance in the direct appeal.  *See Olden v. United States*, 224 F.3d 561, 566 (6th Cir. 2000) (rejecting an ineffective-assistance claim based on the failure to establish prejudice from a purported variance).

A variance takes place when the charge stays the same and the trial evidence proves facts materially different from those in the indictment.  *Hunter v. New Mexico*, 916 F.2d 595, 598-99 (10th Cir. 1990).  A variance becomes fatal only if:

7

- the defendant could not have anticipated the eventual evidence at trial or

- the conviction would not have prevented a subsequent prosecution.

*United States v. Rinke*, 778 F.2d 581, 590 (10th Cir. 1985).  We conclude that Mr. Claycomb has not shown a variance, much less one that is fatal.

To determine whether a variance exists, we view the evidence in the light most favorable to the government and give it the benefit of all reasonable inferences.  *United States v. Fishman*, 645 F.3d 1175, 1189 (10th Cir. 2011).  This evidence included testimony by Alan Engdahl and Detective Scott Gammon, who indicated that Mr. Claycomb had possessed the machine gun 5-6 weeks before his arrest on November 15, 2006.  Tr. Trans. vol. IV at 122-23 (Engdahl); Tr. Trans. vol. V at 127-28 (Gammon).  If the jury had credited this testimony, it would likely have found guilt on the charged offense because the indictment covered the 5-6 week period before the arrest.

Mr. Claycomb points to contrary evidence from other witnesses, but we must view the evidence in the light most favorable to the government.  And, viewing the evidence in this manner, we do not think any reasonable jurists would have expected us to find a variance if appellate counsel had raised the issue.

Even if a variance existed, however, Mr. Claycomb has not shown that it would be fatal.  Though he argues that the evidence went beyond the time period in the indictment, he does not suggest an inability to anticipate the eventual testimony or a risk of future prosecution for the same acts.  As a result, no reasonable jurist

8

would have expected us to find a fatal variance if appellate counsel had raised the issue.

In these circumstances, Mr. Claycomb is not entitled to a certificate of appealability on his ineffective-assistance claim regarding the failure to appeal based on an improper variance.

## VI.    Conclusion

We deny Mr. Claycomb's application for a certificate of appealability and dismiss this appeal.

Entered for the Court

Robert E. Bacharach
Circuit Judge